Hoeei-ieimer, J.
Heard on motion for allowance of attorney fees.
The only question before me is as to whether this is a proper proceeding for the allowance of the fees claimed. The taxing of attorney fees is of course exceptional and is limited to certain classes of cases. It is contended that this case is not within the rule, and reliance is chiefly had on Hopple v. Hopple, 4 N. P.—N. S., 255. That ease, however, instead of being an authority against the allowance of fees in the particular case before me, plainly shows the reasons why the fee claimed in this ease shoidd be allowed. In the Hopple case there was an attempt to work what would have been a wrong to the son. It failed, and accord *240 ingly the unsuccessful complainant was denied the right to tax a fee, because no principle of equity or justice would warrant the taxing of a fee in such a case. In the instant case the effort was made by plaintiff to wrest the property from wrongful control (defendant, Fannie Harris, claimed the property absolutely, to the exclusion of plaintiff and others), and to restore it to the trust and to bring it into court for the benefit of all. The effort succeeded. Under such circumstances justice and equity would require the taxing of a reasonable fee as against the fund. This is the theory of the cases followed by the court.
Jacob Shroder, for the motion.
Burch c& Johnson, contra.
The principle is clearly stated in Adams v. Milling Co., 38 Fed. Rep., 281, wherein the court said:
“It is well settled that when, under a bill filed by one beneficiary in a trust, in behalf of himself and all other beneficiaries, a fund is recovered and brought into court for distrñmtion, the court may tax a reasonable solicitor’s fee as costs, and order it to be paid out of the fund so recovered.” Internal Improvement Fund (Tr.) v. Greenough, 105 U. S., 527 (26 L. Ed., 1157); Central Railroad & Bank Co. v. Pettus, 113 U. S., 116 (5 Sup. Ct. Rep., 387; 28 L. Ed., 915).
This rule rests upon the ground that where one litigant has borne the burden and exj>ense of a litigation that has inured to the benefit of others as well as himself, those who have shared in the benefit should contribute to the expense. In that class of cases it is customary to tax-against the fund realized a fee in favor of the complainant’s solicitor before any distribution is ordered. See also, Woodruff v. Railway, 129 N. Y., 27; Maney v. Casserly, 134 Mich., 252.
Guided by these authorities, since there is no complaint that the amount claimed is unreasonable, the motion will be allowed,